# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ETHEL E. DANIELS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL CASE NO. |
| v. | : | 1:14-cv-02585-TWT-RGV |
| | : | |
| COSTCO WHOLESALE CORP., | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER FOR SERVICE OF NON-FINAL REPORT, RECOMMENDATION, AND ORDER

Attached is the Non-Final Final Report, Recommendation, and Order of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and this Court's Local Rule 72.1. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within fourteen (14) days of the receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing

for review by the district court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983) (per curiam).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED**, this 3rd day of October, 2014.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ETHEL E. DANIELS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL CASE NO. |
| v. | : | 1:14-cv-02585-TWT-RGV |
| | : | |
| COSTCO WHOLESALE CORP., | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MAGISTRATE JUDGE'S NON-FINAL REPORT, RECOMMENDATION, AND ORDER

Plaintiff Ethel E. Daniels ("Daniels") was granted leave to proceed *in forma pauperis* on August 21, 2014, but ordered to file an amended complaint stating a plausible claim within fourteen days of the Order. [Doc. 3]. After Daniels failed to comply with the Order, a Final Report and Recommendation, [Doc. 5], was issued on September 16, 2014, recommending that this action be dismissed for failure to obey the Court's Order and failure to state a claim. On September 29, 2014, Daniels filed a motion to amend her complaint, [Doc. 7], which was granted, [Docket Entry dated 09/30/2014], and she has now filed an "Amended Complaint for Damages" ("amended complaint") against defendants Costco Wholesale Corporation ("Costco"), Brice Williams ("Williams"), Kenny Armer ("Armer"), and Ronald Parker ("Parker"), collectively referred to as "defendants," asserting claims under

Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq.; the Americans with Disability Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 et seq.; and 42 U.S.C. § 1981 ("§ 1981"). See [Doc. 8].

On September 30, 2014, Daniels filed "Plaintiff's Amended Motion to File Out-of-Time Amended Complaint," [Doc. 10], and submitted a second amended complaint, [Doc. 11], that is identical to the amended complaint filed the day before, [Doc. 8]. However, since the Court has already granted Daniels' "Motion to File Out-of-Time Amended Complaint," [Doc. 7; Docket Entry dated 09/30/2014], and Daniels has filed her amended complaint, [Doc. 8], "Plaintiff's Amended Motion to File Out-of-Time Complaint," [Doc. 10], is **DENIED** as moot, and Daniels' second amended complaint, [Doc. 11], is hereby **STRICKEN** from the record since it is identical to her amended complaint, [Doc. 8].

Since Daniels' amended complaint, [Doc. 8], is the operative pleading, see Fritz v. Standard Sec. Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982) (citations omitted) ("Under the Federal Rules, an amended complaint supersedes the original complaint."), the September 16, 2014, Final Report and Recommendation, [Doc. 5], which addressed the deficiencies of the original complaint, [Doc. 1-1]; see also [Doc. 4], is **WITHDRAWN**, and the amended complaint is now before the Court for a frivolity review. See 28 U.S.C. § 1915(e)(2); Neitzke v. Williams, 490 U.S. 319, 324

(1989). For the reasons that follow, it is **RECOMMENDED** that Daniels' amended complaint, [Doc. 8], be dismissed in its entirety as to defendants Williams, Armer, and Parker, and that her race discrimination claims be dismissed as to Costco, but that her remaining claims against Costco for Title VII sexual harassment and failure to accommodate under the ADA be allowed to proceed.

I. **FACTUAL BACKGROUND**

Daniels alleges that she is a disabled African-American female who began working for Costco in Florida in 1996, [Doc. 8 at 3 ¶ 10],[1] and who was eventually transferred to Costco's Morrow, Georgia, warehouse in 2010, where she worked as a stocker under the supervision of Williams and Armer,[2] both white males, [id. at 3 ¶ 12]. Daniels was diagnosed with HIV/AIDS at some point in 2010, and was "prescribed medicine that caused her to sleep for long hours." [Id. at 3 ¶ 13]. She asserts that, sometime in 2011, she requested that defendants "not schedule[] her to work on Mondays due to the sleeping effect of her HIV/AIDS treatment medication," [id. at 3 ¶ 14], and that defendants allegedly "granted [her] request," but subsequently resumed scheduling her to work on Mondays in May of 2013,

---

[1] The facts set forth herein are taken from Daniels' amended complaint, [Doc. 8], and do not constitute findings of fact by the Court.

[2] Daniels alleges that Armer, Williams, and Parker were Costco's warehouse manager, [Doc. 8 at 2 ¶ 8], assistant warehouse manager, [id. at 2 ¶ 7, 4 ¶¶ 18-19], and regional manager, [id. at 3 ¶ 9], respectively.

3

"after [she] refused to continue having oral sex at Costco's warehouse with [Williams]," [id. at 3 ¶ 15]. Daniels goes on to allege that, in May and June of 2013, she was "unable to work" for three Mondays "due to the sleep effect of her HIV/AIDS medication," and that defendants then terminated her employment in July of 2013 "for failing to report to work as scheduled[.]" [Id. at 3-4 ¶ 16].

Daniels maintains that she was "unlawfully and discriminatorily" denied work schedule accommodations and subsequently terminated from her employment because of her race, [id. at 4 ¶ 22]; see also [id. at 4 ¶ 17 (alleging that "defendants [] provided work schedule accommodations to other non-African-American employees at the Morrow warehouse")]; because she "refused to continue having oral sex on Costco's premises with . . . Williams," [id. at 4 ¶¶ 18-19]; see also [id. at 3-4 ¶ 16 (alleging that she was terminated "because of her sex"); and because she "informed [] Williams that she would report his demands for oral sex . . . to his supervisors," [id. at 4 ¶ 21]. Daniels further contends that her employment was terminated "because of her HIV/AIDS disability." [Id. at 4 ¶ 20]; see also [id. at 3-4 ¶ 16].

## II. LEGAL STANDARD

A complaint is frivolous if "it lacks an arguable basis either in law or in fact," Neitzke, 490 U.S. at 325, or "if the 'plaintiff's realistic chances of ultimate success are

4

slight,'" Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990) (quoting Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990) (per curiam)).  Under 28 U.S.C. § 1915(e), the Court must dismiss the case if it determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke, 490 U.S. at 327; Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).  "Unsupported conclusory factual allegations also may be 'clearly baseless.'" Craven v. Florida, No. 6:08-cv-80-Orl-19GJK, 2008 WL 1994976, at *4 (M.D. Fla. May 8, 2008), adopted at *2.

A complaint fails to state a claim on which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007).  To state a plausible claim under the federal pleading standards, "[a] pleading . . . must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).  A complaint should not consist of vague and

conclusory allegations, but must clearly state a cause of action.  See Ransom v. Colonial Counseling Assocs., No. 6:08-cv-2056-Orl-31KRS, 2009 WL 88490, at *2 (M.D. Fla. Jan. 12, 2009), adopted at *1.  In other words, "[w]hile a complaint need only contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, the complaint must contain sufficient facts to show that a plaintiff's claims are plausible." Henriquez v. Fed. Home Loan Mortg. Corp., Civil Action No. 1:10–CV–3825–TWT–CCH, 2010 WL 5463120, at *2 (N.D. Ga. Nov. 22, 2010), adopted by 2010 WL 5463255, at *1 (N.D. Ga. Dec. 29, 2010) (citation omitted).

Furthermore, "[p]ursuant to Fed.R.Civ.P. 41(b), a district court may *sua sponte* dismiss a plaintiff's action for failure to comply with the rules or any order of the court."  Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 656 (11th Cir. 2009) (per curiam) (unpublished) (citation omitted) (citing Lopez v. Aransas Cnty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)).[3]  And Local Rule 41.3A(2) likewise provides in pertinent part that "[t]he court may, with or without notice to the parties, dismiss a civil case for want of prosecution if . . . [a] plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the court in the case[.]"  LR 41.3A(2), NDGa.; see also Hall v. Crestmark Club, No. 1:07-cv-0715-WSD-JFK, 2008

---

[3] Decisions of the Fifth Circuit rendered before October 1, 1981, are binding precedent in the Eleventh Circuit.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

6

WL 187517, at *2 (N.D. Ga. Jan. 18, 2008), adopted at *1 (dismissing plaintiff's complaint where he failed to obey court orders as well as comply with the local rules and was warned that such failure could result in sanctions, including dismissal).

### III. DISCUSSION

While the amended complaint and supporting exhibits filed by Daniels address some of the deficiencies of the original complaint as outlined in the August 21 Order, the amended complaint nonetheless remains deficient in several important respects. First, although Daniels has now submitted a timely filed EEOC charge and Notice of Right-to-Sue Letter from the EEOC, see [Doc. 8 at 8-11], her EEOC charge alleges sex and disability as the sole bases of discrimination, and makes no mention of discrimination on the basis of race, [id. at 11]. A plaintiff's failure to include allegations of a particular type of discrimination or discriminatory act in an EEOC charge does not necessarily preclude a judicial complaint based on such allegations; however, "the 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination," Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970) (quoting King v. Ga. Power Co., 295 F. Supp. 943, 947 (N.D. Ga. 1968)); see also Anderson v. Embarq/Sprint, 379 F. App'x 924, 926 (11th Cir. 2010) (per curiam) (unpublished), and a plaintiff may not therefore "allege new acts of discrimination

7

in a civil action," Roberson v. Allied Auto. Grp., Civil Action File No. 1:06-CV-0896-RWS, 2009 WL 1795824, at *8 (N.D. Ga. June 24, 2009).

Daniels did not even identify her race in the EEOC charge, but alleged only that she was "sexually harassed by [] Williams," and then later terminated, "due to [her] disability . . . and because of [her] sex[.]" [Doc. 8 at 11]. Thus, Daniels' claims of race discrimination under Title VII are "not reasonably related to the EEOC charge alleging [sex and disability] discrimination," but instead "constitute[] . . . new act[s] of discrimination which must be administratively exhausted before the EEOC." Cobb v. Marshall, 481 F. Supp. 2d 1248, 1255 (M.D. Ala. Mar. 14, 2007) (citation and internal marks omitted) (citing Wu v. Thomas, 863 F.2d 1543, 1547 (11th Cir. 1989)). See also Gay v. AirTran Airways, Inc., 427 F. App'x 743, 745 (11th Cir. 2011) (per curiam) (unpublished) (alteration, citations, and internal marks omitted) ("Claims that amplify, clarify, or more clearly focus earlier complaints are appropriate, but allegations of new acts of discrimination, offered as the essential basis for the requested judicial review are not appropriate."); Ramon v. AT & T Broadband, No. 3:03-cv-556-J-20HTS, 2005 WL 6125470, at *3 (M.D. Fla. Sept. 21, 2005), aff'd 195 F. App'x 860 (11th Cir. 2006) (per curiam) (unpublished) (dismissing plaintiff's hostile work environment and retaliation claims as "barred by the scope

of her EEOC charge," where the charge "listed only sex, disability, national origin, and equal pay as the bases of discrimination").[4]

Next, Daniels' Title VII and ADA claims against Williams, Armer, and Parker—all individual defendants—also fail as a matter of law because "individual defendants 'cannot be held liable under . . . Title VII [or the ADA.]'" Denson v. City of Coll. Park, Civil Action File No. 1:07-CV-1624-TWT, 2009 WL 302192, at *6 (N.D. Ga. Feb. 5, 2009), adopted at *1 (quoting Smith v. Lomax, 45 F.3d 402, 403 n.4 (11th Cir. 1995)). See also [Doc. 3 at 6]; Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991) (per curiam) ("The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act."); Williams v. Alabama Dep't of Corr., No. 4:12–CV–4043–KOB, 2014 WL 636977, at *7 (N.D. Ala. Feb. 18, 2014) (internal marks omitted) (quoting Mason v. Stallings, 82

---

[4] Similarly, to the extent Daniels seeks to assert a Title VII claim of retaliation, see [Doc. 8 at 4 ¶ 21 (alleging that she was terminated and denied work schedule accommodations "because she informed [] Williams that she would report his demands for oral sex . . . to his supervisors"), 5-6 (seeking injunctive relief prohibiting defendants from "discriminat[ing] against others similarly situated to [Daniels] because of their . . . opposition to discriminatory or unlawful practices")], any such claim is beyond the scope of the EEOC charge is therefore due to be dismissed, see Roberson, 2009 WL 1795824, at *10 (plaintiff failed to exhaust administrative remedies with respect to Title VII retaliation claim where his EEOC charge "d[id] not make any reference to retaliation" or any protected activity). Moreover, even if Daniels had alleged retaliation in her EEOC charge, the sparse factual allegations of the amended complaint are inadequate to support a plausible claim of retaliation under Title VII. See Crawford v. Carroll, 529 F.3d 961, 970 (11th Cir. 2008) (explaining elements for prima facie case of retaliation under Title VII).

F.3d 1007, 1009 (11th Cir. 1996)) ("No individual liability exists under either the ADA or Title VII; only the employer, not individual employees, can be liable under the ADA[ and] . . . Title VII[.]").[5]

Additionally, Daniels has failed to plead sufficient factual allegations to support a plausible claim of racial discrimination under Title VII or §1981. See Posey v. O'Reilly Auto. Stores, Inc., No. 2:12–CV–04135–K, 2014 WL 3809957, at *8 (N.D. Ala. July 31, 2014) (citing Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1330 (11th Cir. 1998)) ("The court analyzes claims of race discrimination under § 1981 in the same manner as claims brought under Title VII."); see also [Doc. 3 at 7-9]; Williams v. Kimbrough, Civil Action No. 1:12–cv–1570–JEC, 2013 WL 591984, at *3

---

[5] Although the Eleventh Circuit has found that "an individual may be sued privately in [his] personal capacity for violating § 12203 [the anti-retaliation provision of the ADA] in the public services context," Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1180 (11th Cir. 2003) (footnote omitted), Daniels has not asserted a claim under this provision, nor has she alleged facts that would render such a claim plausible, see generally [Doc. 8]; see also Albra v. Advan, Inc., 490 F.3d 826, 830 (11th Cir. 2007) (per curiam) (citation omitted) (holding that "individual defendants are not amenable to private suit for violating the anti-discrimination provision of Subchapter I of the ADA"). Compare [Doc. 8 at 4 ¶ 21 (plaintiff alleging that she was denied accommodations and fired "because she informed [] Williams that she would report his demands for oral sex on Costco's premises to his supervisors," not because she reported discrimination on the basis of disability)] with Lawson v. Kelly, No. 5:11cv119/RS/CJK, 2011 WL 6119099, at *3 (N.D. Fla. Oct. 13, 2011), adopted by 2011 WL 6118766, at *1 (N.D. Fla. Nov. 21, 2011) ("To the extent plaintiffs attempt to state a retaliation claim under the ADA, the claim must be dismissed because plaintiffs do not allege they were retaliated against because they reported discrimination on the basis of disability.").

(N.D. Ga Feb. 14, 2013) (citing 42 U.S.C. § 1981) (noting that "§ 1981 by its terms applies only to racial discrimination"). Indeed, apart from her conclusory assertions that defendants "terminated [] her employment because of her African-American race," [Doc. 8 at 4 ¶ 22], and "discriminatorily denied [her] work schedule accommodation[s]," [id. at 4 ¶ 18], which were "provided . . . to other non-African-American employees at the Morrow warehouse," [id. at 4 ¶ 17], Daniels alleges no facts plausibly suggesting that Costco took any adverse actions against her on the basis of race, much less that the unidentified "non-African American employees" were similarly situated comparators who were treated more favorably in circumstances "nearly identical" to her own, see Walach v. Shineski, No. 11–80412–CIV, 2012 WL 664277, at *3 (S.D. Fla. Feb. 28, 2012) (citations omitted).[6]

---

[6] See also Vega v. Invsco Grp., Ltd., 432 F. App'x 867, 870 (11th Cir. 2011) (per curiam) (unpublished); Jacobs v. Biando, No. 1:12–cv–04437–WSD, 2013 WL 3243625, at *7 (N.D. Ga. June 26, 2013), adopted at *5 (quoting Givens v. Eddie Deen & Co. Catering, Civil Action No. 3:10-CV-1164-L, 2011 WL 624071, at *1 (N.D. Tex. Feb. 18, 2011)) ("'A simple statement that [p]laintiff believes [s]he was fired because [s]he is African–American is insufficient to plead a claim of race discrimination under Rule 8 of the Federal Rules of Civil Procedure. Plaintiff must set forth specific allegations that would demonstrate that [s]he was treated differently because of [her] race, that is, [s]he must set forth sufficient allegations that race was the reason [s]he was terminated.'"); Washington v. Sprint Food Stores, Inc., Civil Action No. 1:10-CV-823-TWT-ECS, 2010 WL 5463137, at *2 (N.D. Ga. Dec. 2, 2010), adopted by 2010 WL 5463133, at *1 (N.D. Ga. Dec. 29, 2010) (dismissing complaint for failure to state a claim under Title VII where plaintiff alleged only that she was a black female who was fired after she refused to conduct a cash back transaction for a white customer); Martin v. Town of Westport, 329 F. Supp. 2d 318, 328 (D. Conn. 2004) (alteration in original) (citation and internal marks omitted) ("[W]here a plaintiff

Simply put, because Daniels "does not allege any facts indicating that unlawful race discrimination was the reason for [her termination or her employer's failure to accommodate her disability]," or assert any other facts "tending to show that racial animus motivated [the alleged adverse actions]," Enadeghe v. Ryla Teleservs., Inc., Civil Action File No. 1:08-CV-3551-TWT, 2010 WL 481210, at *7 (N.D. Ga. Feb. 3, 2010), adopted at *1, she has failed to state a plausible claim of race discrimination in conformity with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, see Jacobs, 2013 WL 3243625, at *7 (citation omitted) (quoting Liburd v. Bronx Lebanon Hosp. Ctr., No. 07 Civ. 11316(HB), 2008 WL 3861352, at *5 (S.D.N.Y. Aug. 19, 2008)) (alterations in original) (observing that "a complaint that 'provides no . . . detail manifesting any form of racial animus, discriminatory words, prior incidents or other indications that [the plaintiff's] race played a role in [the employer's] decision to dismiss [her]' is insufficient to satisfy the minimum pleading standards of Rule 8(a)(2)").

Accordingly, Daniels has failed to state a plausible claim of race discrimination under Title VII or § 1981, despite having previously been advised of the deficiency of her race discrimination allegations in the August 21 Order, [Doc.

---

seeks to establish the minimal *prima facie* case by making reference to the disparate treatment of other employees, those employees must have a situation sufficiently similar to plaintiff's to support at least a minimal inference that the difference of treatment may be attributable to discrimination.").

3 at 7-9], nor has she shown that she is entitled to relief from defendants Williams, Parker, and Armer under any of the legal theories espoused in the amended complaint. The Court cannot conclude, however, that Daniels' remaining claims for Title VII sexual harassment and failure to accommodate under the ADA are entirely frivolous as to defendant Costco, and these claims should therefore be allowed to proceed in this matter as in any other civil action.

## IV. CONCLUSION

For the foregoing reasons, the September 16, 2014, Final Report and Recommendation, [Doc. 5], is hereby **WITHDRAWN**, her "Amended Motion to File Out-of-Time Complaint," [Doc. 10], is **DENIED** as moot, and her "Second Amended Complaint for Damages," [Doc. 11], is **STRICKEN** from the record.

It is **RECOMMENDED** that Daniels' claims of race discrimination under Title VII and § 1981 be **DISMISSED** upon frivolity review for failure to obey the Court's August 21, 2014, Order, and failure to state a plausible claim to relief. It is further **RECOMMENDED** that Daniels' "Amended Complaint for Damages," [Doc. 8], be **DISMISSED** in its entirety as to defendants Williams, Armer, and Parker, but that her ADA claim for failure to accommodate and her Title VII claim for sexual harassment be allowed to proceed as to defendant Costco. Finally, if this Report and

Recommendation is adopted, since Daniels is represented by counsel, her counsel should be directed to arrange for the service of process on Costco.

**IT IS SO ORDERED** and **RECOMMENDED**, this 3rd day of October, 2014.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE